UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL PITZ,                            )
                                         )
             Plaintiff,                  )
                                         )
      v.                                 )        CAUSE NO. 1:20-cv-2153
                                         )
PLACON CORPORATION,                      )
                                         )
             Defendant.                  )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Michael Pitz (hereinafter "Pitz"), by counsel, files this Complaint and Demand for Jury Trial against his former employer, Defendant Placon Corporation ("Placon") under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

## I.      PARTIES, VENUE, AND JURISDICTION

1.      Pitz is a citizen of the State of Indiana and resides in Indianapolis, Marion County, Indiana.

2.      Pitz worked as a regional sales manager at Placon from May 14, 2005, to January 22, 2020. Pitz is 65 years old.

3.      Pitz worked for Placon from his home office in Indianapolis, except when he was traveling to call on potential customers or occasionally visit the home office of Placon.

4.      Placon is a Wisconsin corporation with its principal place of business in Madison, Wisconsin.

5.      At all times relevant herein, Placon was an "employer" as defined under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b).

1

6.     At all times relevant herein, Pitz was an "employee" as defined by the Age Discrimination in Employment Act, 29 U.S.C. § 630(f).

7.     This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, in that the claims arise under laws of the United States, and specifically the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* This Court has supplemental jurisdiction over Pitz's claims arising under state law pursuant to 28 U.S.C. § 1367.

8.     Venue is proper pursuant to 28 U.S.C. § 1391 because Placon is subject to personal jurisdiction in the Southern District of Indiana, Placon regularly conducts business activities within the Southern District of Indiana, and a substantial part of the events and occurrences giving rise to Pitz's claims occurred in the Southern District of Indiana.

9.     Pitz satisfied his requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 24, 2020, alleging age discrimination by Placon.

10.    On or about August 13, 2020, Pitz received a Notice of Right to Sue from the EEOC.

## II.    FACTUAL ALLEGATIONS

11.    Pitz hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

12.    Placon hired Pitz on March 14, 2005, as a regional sales manager.

13.    Throughout his employment with Placon, Pitz was a top performer. For twelve of his fourteen years of employment, he led all regions in sales. Before terminating Pitz, Placon never imposed any formal discipline for performance-related issues on him.

14.     In May 2018, Placon Chief Executive Officer Dan Mohs asked Pitz about his retirement plans. Pitz was 63 years old at the time. Pitz responded that he intended to work until age 70. Mr. Mohs said, "I hope you stay another ten years if you want to, you've always been loyal to Placon."

15.     In 2019, Placon hired a new Vice President of Sales, Joe Davidson, from outside the company. Davidson is ten years younger than Pitz.

16.     Prior to December 2019, Ben Brummerhop, Placon's National Sales Manager, was Pitz's immediate supervisor.

17.     In December of 2019, Placon reassigned Brummerhop to the position of National Account Manager. The National Account Manager position was a newly created position. Placon did not post the position and specifically created it for Brummerhop. Brummerhop is forty-two years old.

18.     Pitz was qualified for the National Account Manager position, and would have wanted to be considered for the position, if he had known that it was being created or filled.

19.     When Brummerhop became the National Account Manager in January 2020, the National Sales Manager position became vacant.

20.     Pitz applied for National Sales Manager position, but was not interviewed or hired for it.

21.     Placon did not consider Pitz for the National Sales Manager position when Brummerhop vacated that position.

22.     In January 2020, Pitz was on the verge of closing the largest deal in his career with Placon. He sold a three-year deal worth $16.5 million in Placon products to Flagstone Foods, LLC ("Flagstone Foods").

23.     The closing of the Flagstone Foods sale was scheduled for 10:00 a.m. on January 23, 2020, at Placon headquarters in Madison, WI.

24.     On January 22, 2020, Davidson asked to meet with Pitz. During the meeting on the afternoon before the closing on the $16.5 million dollar sale Pitz made, Davidson informed Pitz that he was being terminated in a "reorganization", saying that Pitz "did not fit on the map."

25.     Placon terminated two out of six regional sales managers in the "reorganization." Both were over sixty years old. Pitz had turned 65 years old one week before his termination.

26.     The Flagstone Foods sale closed on January 23, 2020. Placon has refused to pay Pitz any sales commission on the Flagstone Foods sale.

### III.     LEGAL ALLEGATIONS

#### Count I: Violation of the ADEA – Discrimination Based on Age

27.     Pitz hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

28.     Pitz is 65 years old and a member of a protected class.

29.     Pitz was meeting his employer's legitimate performance expectations.

30.     Pitz suffered adverse employment actions when Placon: (a) failed to promote him to the position of National Account Manager; (b) failed to promote him to the position of National Sales Manager; and (c) terminated his employment.

31.     Placon's adverse discriminatory actions were taken because of Pitz's age.

32.     Placon treated younger employees more favorably than Pitz.

33.     Pitz's age was the actual and proximate cause of Placon's adverse discriminatory actions, including his termination of employment.

34.     Placon willfully violated the Age Discrimination in Employment Act.

35.    Pitz has suffered damages as a result of Placon's acts of discrimination.

## Count II:    Unjust Enrichment

33.    Pitz hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

34.    Pitz conferred a measurable benefit on Placon by obtaining an agreement from Flagstone Foods for a three year, $16.5 million contract.

35.    Placon has retained the benefit of the sales agreement with Flagstone Foods without compensating Pitz for his efforts to secure it.

36.    Placon has knowledge of the sales agreement with Flagstone Foods and Pitz's responsibility for it.

37.    Retention of Placon's benefit of the sales agreement with Flagstone Foods without payment to Pitz would be unjust or inequitable.

## Count III:    Quantum Meruit

38.    Pitz hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

39.    Pitz had an implied contract with Placon to receive compensation for services rendered, including payment for sales commissions and/or bonuses when his services resulted in sales.

40.    Pitz successfully secured a three year, $16.5 million sales contract with Flagstone Foods on behalf of Placon, which closed the morning after Placon terminated his employment.

41.    Placon has not compensated Pitz for the reasonable value of his services rendered in connection with the Flagstone Foods sale.

## IV.    RELIEF REQUESTED

Pitz requests the following relief:

a.      Compensatory damages;

b.      All salary, wages, compensation and benefits lost as a result of Defendant's unlawful actions, including, but not limited to, back pay, front pay, employer provided benefits, unpaid sales commissions, and loss of future earning capacity;

c.      Emotional distress damages;

d.      Liquidated damages and/or punitive damages;

e.      Damages and/or equitable relief for unjust enrichment and/or quantum meruit;

f.      All costs and reasonable attorney fees incurred in litigation this action;

g.      Pre-judgment and post-judgment interest; and

h.      Any and all other legal and/or equitable relief to which Pitz is entitled.

WHEREFORE, Plaintiff Michael Pitz requests a judgment in his favor, the costs of this action, a trial by jury, and for all other just and proper relief.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205

## **JURY DEMAND**

Plaintiff, Michael Pitz, by counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205